The Honorable Marsha J. Pechman

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

KEITH BELL, Ph.D.,

          Plaintiff,

    v.

FEDERAL WAY PUBLIC SCHOOLS,
PAUL RUSTON and DOES 1-5,

          Defendants.

Case No. 13-cv-1620MJP

DEFENDANT FEDERAL WAY
SCHOOL DISTRICT'S MOTION TO
DISMISS PURSUANT TO RULE
12(b)(6)

**Note on Motion Calendar:
Friday, November 1, 2013.**

## I.  INTRODUCTION

COMES NOW Defendant Federal Way School District, by and through its undersigned counsel, and hereby moves to dismiss the copyright infringement claim against it pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, Plaintiff's claim is barred by the applicable statutes of limitations and/or the doctrine of laches and must be dismissed.

## II.  PROCEDURAL BACKGROUND

Plaintiff, Keith Bell, filed the instant matter *pro se* on September 6, 2013.  Dkt. #1. Although he has failed to file any Certificate of Service with the Court, the Federal Way School District acknowledges that he served the District on September 30, 2013, via certified U.S. Mail.  However, the District is not aware that Dr. Bell has ever served co-Defendant Paul

Motion to Dismiss - 1
291561.doc

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle  WA  98121
Tel. 206.462.6700  Fax 206.462.6701

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Ruston with a Summons or Complaint in this matter.  The District now respectfully requests that this Court dismiss the case against it.[1]

### III. ARGUMENT

**A.  Legal Standard for 12(b)(6) Motions**

A well-pleaded Complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2)(2011).  A federal claimant is not required to detail all factual allegations; however, the Complaint must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citations omitted).  Factual allegations must be enough to raise a right to relief above the speculative level.  *Id*.  While the Court must assume that all facts alleged in a Complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusion set forth in the Complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  Additionally, a plaintiff must set forth a plausible claim for relief – a *possible* claim for relief will not do.  In sum, for a Complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949).

Further, a motion to dismiss on statute of limitations grounds may be granted if the assertions of the Complaint, read with the required liberality, would not permit the plaintiff to

---

[1]   Defendant notes that the same legal arguments contained in this motion apply to the claims set forth against Paul Ruston.  However, this motion is made only as to the Federal Way School District given that Mr. Ruston has not yet been served with a Summons and Complaint.

Motion to Dismiss - 2
291561.doc

**PATTERSON BUCHANAN**
**FOBES & LEITCH, INC., P.S.**

2112 Third Avenue, Suite 500, Seattle  WA  98121
Tel. 206.462.6700  Fax 206.462.6701

1
2

prove that the statute was tolled.  *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000) (quotations and citation omitted).

3

### B.  Plaintiff's Copyright Claims

4
5
6
7
8
9
10

Plaintiff has alleged claims of copyright infringement under the Copyright Act of 1976, 17 U.S.C. § § 101, *et seq.  Complaint*  at ¶ 30.  Under the Copyright Act, "[n]o civil action shall be maintained . . . unless it is commenced within three years after the claim accrued."  17 U.S.C. § 507.  A cause of action for copyright infringement accrues when a plaintiff has knowledge of the infringement, or is chargeable with such knowledge.  *Roley v. New World Pictures, Ltd.*, 19 F. 3d 479, 481 (9th Cir. 1994).

11
12
13
14
15
16
17
18
19

Plaintiff specifically alleges that he had knowledge of the alleged copyright infringement in December of 2007.  *Complaint* at ¶ ¶ 24-26.  Thus, any claim based on such infringement should have been filed no later than December 2010.  It appears that Dr. Bell acquiesced to the use of his copyrighted material at that time, and therefore, no claim was brought.  *Complaint* at ¶ 25 (". . . Bell agreed to allow Roach to maintain such posting . . ."). However, in this lawsuit, Dr. Bell continues to allege claims against the Defendants based on that time period in the current Complaint.  *Complaint* at ¶ ¶ 32.  According, the claim is outside the statute of limitation, and should be dismissed.

20
21
22
23
24
25

Dr. Bell has also alleged that in December 2010 or January 2011, he contacted Mr. Roach about modifying the form in which he used the copyrighted work.  *Complaint* at ¶ 27. He <u>does not allege</u> that Mr. Roach was using the work at that time without permission.  Indeed, it appears that he simply wanted Mr. Roach to use the work in a different form.  *Id.*  Instead, Mr. Roach stopped using the work altogether, which apparently angered Dr. Bell.  *Id.*  Thus,

**PATTERSON BUCHANAN FOBES & LEITCH, INC., P.S.**

2112 Third Avenue, Suite 500, Seattle  WA  98121
Tel. 206.462.6700  Fax 206.462.6701

1

2

any claim stemming from Mr. Roach's use of Dr. Bell's work at that time must be dismissed as

the work was either being used with Dr. Bell's permission, or it was not being used at all.

3

Finally, Dr. Bell claims that:

4

5

23.  In particular, the Essay was, upon information and belief, Defendants unlawfully used, copied, abridged, distributed and publicly displayed in the following ways:

6

7

8

a.   Beginning as early as 2002 and continuing through at least September 22, 2010, the Essay was reprinted verbatim without attribution to Bell in informational packets, handbooks, handouts or the like . . . printed and distributed to students and their parents at Thomas Jefferson HS; and

9

10

11

12

b.   Beginning at least as early as 2003 and continuing through a date presently unknown to Bell the Essay was posted on one or more of the District's internet websites (collectively, the "District Websites") for viewing and downloading by students, parents, faculty, administration, and staff of Thomas Jefferson HS and any other persons who had access to the District Websites. . . .
. . .

13

14

15

16

25.  Shortly thereafter, Bell or his designee contacted Roach and informed him that his unauthorized posting of the Essay on the Roach Blog constituted copyright infringement.  Bell or his designee inquired of Roach as to where he obtained a copy of the Essay; Roach declined to reveal such source.
. . .

17

18

19

27.  In December, 2010 or January, 2011, Bell contacted Roach again . . . . As part of those communications, Roach informed Bell that the original source of the copy of the Essay was Ruston and that Ruston was using the Essay as part of the Publications.

20

*Complaint* at ¶ ¶ 23-27.  As a result, while Dr. Bell may not have learned of the identity of Mr.

21

Ruston until late 2010 or early 2011, he admits that he had constructive knowledge of the facts

22

23

forming the basis of his claim in December 2007 – that is, he knew of the alleged use of his

24

Essay in the packet distribution and on the websites by that date.  Accordingly, such claim

25

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle  WA  98121
Tel. 206.462.6700  Fax 206.462.6701

should have been brought by December of 2010, but it was not. *See Roley*, 19 F. 3d at 481. Therefore, the claim must be dismissed.

The actions upon which the claim against the District is based, clearly accrued and were known to Dr. Bell as early as 2007. Because Dr. Bell failed to file his claim against Defendants within the applicable statute of limitations, Defendant Federal Way School District respectfully asks that this matter be dismissed with prejudice.

### C.  Doctrine of Laches

To the extent that any portion of Dr. Bell's claim is not barred by the expiration of the statute of limitations, the claim should be barred by laches. Laches is an equitable remedy that may bar a claim for copyright infringement even if it is brought within the statute of limitations. Indeed, the Ninth Circuit Court of Appeals finds such remedy appropriate when a plaintiff, "with full knowledge of the facts, acquiesces in a transaction and sleeps upon his rights." *Danjaq LLC v. Sony Corporation*, 263 F. 3d 942, 951 (9th Cir. 2001) (quoting *S. Pacific Co., v. Bogert*, 250 U.S. 483, 500 (1919)). To demonstrate laches, a defendant must prove both "an unreasonable delay by the plaintiff and prejudice to itself." *Id.* (quoting *Couveau v. American Airlines, Inc.*, 218 F. 3d 1078, 1083 (9th Cir. 2000)).

In the instant matter, Dr. Bell admits in his Complaint that upon learning of the alleged infringement, he acquiesced to its continued use, on the condition that the work was attributed to Dr. Bell and that that a link be provided to his publisher. *Complaint* at ¶ 25. Dr. Bell also admits those conditions were satisfied. *Id.* While he allegedly knew that others in the District were using his work, he chose not to take action, apparently satisfied with Mr. Roach's attribution to his authorship and link to his publisher. It was only after Mr. Roach stopped

**PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.**

2112 Third Avenue, Suite 500, Seattle  WA  98121
Tel. 206.462.6700  Fax 206.462.6701

using the work (and presumably stopped funneling sales to Dr. Bell's publisher) that Dr. Bell decided to sue.

By his own admissions, Dr. Bell had full knowledge of the facts of this matter as early as December 2007, and then acquiesced to the continued use of his work. He further admits that the last known use of his work occurred in September 2010. Significantly, Dr. Bell does not allege that he ever contacted Mr. Ruston or anyone else in the District regarding the alleged improper use of his work. While the last use on September 22, 2010, arguably falls within the applicable statute of limitations, Dr. Bell's failure to contact Mr. Ruston or the District to demand that they cease using his work, and his failure to bring a claim until September 2013, provides more than adequate bases to bar his claim under the doctrine of laches.

## IV. CONCLUSION

For all of these reasons, Defendant Federal Way School District asks this Court to dismiss the claims against it with prejudice.

DATED this 10th day of October, 2013.

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

By:     /s/  Sarah S. Mack_____
Patricia K. Buchanan, WSBA No. 19892
Sarah Spierling Mack, WSBA No. 32853
2112 Third Ave., Suite 500
Seattle, WA 98208
Phone: (206) 462-6700
Fax: (206) 462-6701
pkb@pattersonbuchanan.com
ssm@pattersonbuchanan.com
Attorneys for Federal Way School District

Motion to Dismiss - 6
291561.doc

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle  WA  98121
Tel. 206.462.6700  Fax 206.462.6701

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on or before the date listed below, I electronically filed the foregoing **Defendant's Motion to Dismiss** with the Court's CM/ECF electronic filing system, which will send notification of such filing to Plaintiff follows:

Dr. Keith Bell
3101 Mistyglen Circle
Austin, TX 78746
kbell@austin.rr.com

DATED this  10th  day of October, 2013.

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

By:  /s/  Sarah S. Mack
    Sarah S. Mack, WSBA No. 32853

Motion to Dismiss - 7
291561.doc

**PATTERSON BUCHANAN**
**FOBES & LEITCH, INC., P.S.**

2112 Third Avenue, Suite 500, Seattle  WA  98121
Tel. 206.462.6700  Fax 206.462.6701