1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEITH BELL PHD, | CASE NO. C13-1620 MJP |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS COMPLAINT AND GRANTING LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| FEDERAL WAY PUBLIC SCHOOLS, PAUL RUSTON and DOES 1-5, | |
| Defendants. | |

This matter is before the Court on Defendant Federal Way Public School District's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 5), and Plaintiff's motion for leave to file an Amended Complaint (Dkt. No. 13.). Defendant Paul Ruston joined in the motion to dismiss. (Dkt. No. 10.) The Court considered the motions, responsive briefing and all related documents. The Court GRANTS Defendants' motion to dismiss, and also GRANTS Plaintiff's motion to amend.

**Background**

Plaintiff Keith Bell, Ph.D., is a retired sports psychologist and sports performance consultant. (Id. at 3.) In addition to his work with teams, he has authored a book entitled Winning Isn't Normal, and holds the copyright registration certificate issued by the United States Copyright Office on September 21, 1989. (Id.) Bell asserts the copyright in Winning Isn't Normal is valid and subsisting. (Id. at 4.)

Winning Isn't Normal contains an essay synthesizing into a short statement the contents of the entire book ("the Essay"). (Dkt. No. 1 at 4.) Bell asserts the Essay is well known. (Id.) Bell alleges Defendants Federal Way Public Schools and its employee Paul Ruston, along with other unnamed individuals, used, copied, abridged, distributed, and publically displayed verbatim or near verbatim copies of the Essay. (Id.)

In the operative Complaint, Bell asserted, "at least as early as 2002 and continuing though at least September 22, 2010, the Essay was reprinted verbatim and without attribution to Bell in informational packets, handbooks, handouts or the like (collectively, 'publications') printed and distributed to students and their parents at Thomas Jefferson High School[.]" (Dkt. No. 1 at 6.) The Complaint also alleges beginning "at least as early as 2003 and continuing through a date presently unknown to Bell the Essay was posted on one or more of the Districts internet websites[.]" (Id.)  Bell alleges in December 2007 he learned District employee James Roach maintained a personal website related to long distance running, which contained an unauthorized and unattributed copy of the Essay ("Roach blog"). (Id.) Shortly after learning of the Essay's presence on the Roach blog, Bell or his designee contacted Roach to inform him his use of the Essay was copyright infringement. (Id.) Roach agreed to provide attribution to Bell on

1  his blog, along with a link to Bell's publisher, and Bell agreed to allow Roach to continue using

2  the Essay on the blog. (Id.)

3  In December 2010 or January 2011, Bell contacted Roach again concerning modifying

4  the form of the Essay on the Roach blog, but after initially agreeing to make requested changes

5  Roach unilaterally decided to remove the Essay from the Roach blog. (Dkt. No. 1 at 7.) As part

6  of this series of communications, Roach informed Bell the original source of the copy of the

7  Essay was Defendant Ruston, and Ruston was using the Essay as part of his publications. (Id.)

8  In his Complaint, Bell asserts, "no later than December, 2007, Ruston was put on notice

9  that his use, copying, adaptation, distribution and public display of the Essay in the Publication

10 and on the District Website was unauthorized and constituted copyright infringement." (Dkt. No.

11 1 at 7.)  Bell alleges Ruston and the District continued to willfully infringe in violation of the

12 Copyright Act of 1976, 17 U.S.C. § 101, et seq.. (Id. at 30.)

13 Defendant Federal Way Public School District brought the motion to dismiss at issue

14 here, which was joined by Defendant Ruston, asserting Bell's claims are barred by the applicable

15 statute of limitations and/or by the doctrine of laches. (Dkt. No. 5 at 1.) Defendants allege Bell

16 fails to state a claim upon which relief can be granted because Bell had constructive knowledge,

17 at the very least, of the facts forming the basis of his claim as of December 2007. (Id. at 4.) Bell

18 responded asserting he first learned of the District's infringement no earlier than December 2010,

19 when he discovered Defendant Paul Ruston unlawfully posted the Essay on an athletic website

20 maintained by the District. (Dkt. No. 11 at 1.)  To the extent his initial Complaint is not clear,

21 Bell seeks leave to amend his Complaint and filed a proposed Amended Complaint. (Id., Dkt.

22 No. 13-1.)

23

24

**Analysis**

I.      Standard for Motion to Dismiss

The Federal Rules require a plaintiff to plead "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 545) (further noting that plausibility lies somewhere between allegations that are "merely consistent" with liability and a "probability requirement"). In determining plausibility, the Court accepts all facts in the Complaint as true. Barker v. Riverside County Office of Educ., 584 F.3d 821, 824 (9th Cir. 2009). The Court need not accept as true any legal conclusions put forth by the plaintiff. Iqbal, 556 U.S. at 678.

II.     Copyright Statute of Limitations

Defendants move to dismiss Bell's claims under the Copyright Act of 1976 arguing Bell failed bring his claims within the statute of limitations. (Dkt. No. 5 at 3.) Under the Copyright Act, "[n]o civil action shall be maintained . . . unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). "A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge." Roley v. New World Pictures, 19 F.3d 479, 481 (9th Cir. 1994). The statute of limitations bars recovery on any claim for damages which accrued more than three years before commencement of a lawsuit. Id. "In a case of continuing copyright infringements, an action may be brought for all acts that accrued

ORDER GRANTING MOTION TO DISMISS
COMPLAINT AND GRANTING LEAVE TO FILE
AMENDED COMPLAINT- 4

1    within the three years preceding the filing of the suit." <u>Id</u>.  To summarize, "the three-year clock

2    begins upon discovery of the infringement . . . [t]hus, under <u>Roley</u>, the statute of limitations does

3    not prohibit recovery of damages incurred more than three years prior to the filing of suit if the

4    copyright plaintiff was unaware of the infringement, and that lack of knowledge was reasonable

5    under the circumstances." <u>Polar Bear Prods. v. Timex Corp.</u>, 2004 U.S. App. LEXIS 22131, *12

6    (9th Cir. Sept. 3, 2004).

7        Bell filed his Complaint on September 6, 2013. (Dkt. No. 1.) Pursuant to the statue of

8    limitations, Bell cannot bring an action based on any infringement he knew about or should have

9    known about on or before September 5, 2010. <u>Roley</u>, 19 F.3d at 481. Based on his initial

10   Complaint, Bell knew or should have known in 2007 of Defendant's infringing activities such

11   that his claim would time-barred. For example, Bell's Complaint states, "In or about December,

12   2007, Bell learned that an employee of the District and one of Ruston's colleagues . . .Roach . .

13   maintained a personal website" on which he posted the Essay. (Dkt. No. 1 at 6.) The Complaint

14   is replete with references to acts occurring before 2010 involving Defendants, and indicates Bell

15   knew about the infringements at those times. Because it appears Bell knew or should have

16   known of the alleged infringement more than three years before bringing his Complaint, his

17   Complaint is time-barred and is DISMISSED.

18   III.    Leave to Amend and Doctrine of Laches

19       Federal Rule of Civil Procedure 15 provides leave to amend should be granted freely "when

20   justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether leave to amend is

21   appropriate, the district court should consider the presence of bad faith, undue delay, prejudice to

22   the opposing party, and/or futility. <u>Owens v. Kaiser Found. Health Plan</u>, 244 F.3d 708, 712 (9th

23   Cir. 2001). Generally, the analysis of these elements should be "performed with all inferences in

24

1    favor of granting the motion." <u>Griggs v. Pace Am. Group, Inc</u>., 170 F.3d 877, 880 (9th Cir.

2    1999). Prejudice to the opposing party carries the greatest weight, and absent prejudice or a

3    strong showing of any of the remaining factors, there is a presumption in favor of granting leave

4    to amend. <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).

5        Plaintiff filed his motion to amend his Complaint following Defendants' submission of the

6    motion to dismiss to "clarify certain factual allegations" important to the Court's decision on

7    dismissal. (Dkt. No. 13 at 1.) Defendants opposed the motion, arguing amendment does not cure

8    the statute of limitations problem and/or the doctrine of laches problem. (Dkt. No. 20 at 2-3.)

9    Essentially, Defendants argue amendment would be futile. Defendants do not argue, and the

10   Court has no reason to believe, the motion to amend was taken in bad faith, with undue delay, or

11   will prejudice Defendants.

12       Plaintiff's motion to amend is not futile. Contrary to Defendants' characterization, the

13   proposed Amended Complaint, drawing all inferences in favor of Plaintiff, cures the pleading

14   deficiency as far as the statute of limitations is concerned. In the proposed Amended Complaint,

15   Bell clarifies he believes certain infringing events occurred before the period of limitations, but

16   he did not learn about any infringing events before, at the earliest, December of 2010. (See, e.g.,

17   Dkt. No. 13-1 at 8.) If Plaintiff was unaware of infringing events before December of 2010, his

18   claim did not accrue until then and his suit is within the limitations period.

19       Plaintiff's motion to amend is also not made futile by the doctrine of laches. Because the

20   Court found Bell's initial Complaint failed to establish his claim accrued within the limitations

21   period, the Court did not reach the issue of laches. Defendants argued in its motion to dismiss if

22   the Court found Bell's claims were not barred by the statute of limitations, the Court should find

23   them barred by the doctrine of laches. (Dkt. No. 5 at 5.) The doctrine of laches is an equitable

24

1   time limitation on a party's right to sue. <u>Kling v. Hallmark Cards, Inc</u>., 225 F.3d 1030, 1036 (9th

2   Cir. 2000). To prevail on the defense of laches, a defendant must prove unreasonable delay by

3   the plaintiff in bringing suit and prejudice to itself caused by the delay. <u>Id</u>.

4       Delay in a laches claim is measured from the time a plaintiff knew or reasonably should have

5   known about the potential claim at issue. <u>Kling</u>, 225 F.3d at 1036. As discussed above, Bell's

6   proposed Amended Complaint alleges, even if infringing acts were occurring earlier, he first

7   knew or had reason to know Defendants were infringing in December of 2010, within the

8   limitations period. This applies to the laches analysis as well. If Plaintiff's first opportunity to

9   know of the alleged infringement was within the limitations period, drawing all inferences in

10  favor of Plaintiff, Defendants have not established unreasonable delay or prejudice such that the

11  proposed Amended Complaint would be barred by laches.

12      Finding the proposed Amended Complaint not futile, bought in good faith and without

13  undue delay or prejudice to the Defendants, the Court GRANTS Plaintiff's motion to amend his

14  Complaint.

15                              <u>**Conclusion**</u>

16      Because Plaintiff's Complaint appears to assert knowledge of infringement such that his

17  claims are time-barred, Defendants motion to dismiss is GRANETD and the Complaint is

18  DISMISSED. Because Plaintiff's proposed Amended Complaint claims facts placing Plaintiff's

19  knowledge of the alleged acts in December of 2010, it brings him within the statute of

20  limitations. The motion appears brought in good faith, and without undue delay or prejudice to

21  Defendants. Plaintiff's motion to amend his Complaint is GRANTED.

22

23

24

1

2      The clerk is ordered to provide copies of this order to all counsel.

3      Dated this 12th day of December, 2013.

4

5

6                               Marsha J. Pechman

7                               Chief United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING MOTION TO DISMISS
COMPLAINT AND GRANTING LEAVE TO FILE
AMENDED COMPLAINT- 8